IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERA AND JOE PARSONS,<br><br>Plaintiffs,<br><br>vs.<br><br>JACK DANIELS MOTORS LLC, PORSCHE MOTORS NORTH AMERICA INC., NORTH ATLANTIC DISTRIBUTION AND PLYCAR, LLC<br><br>Defendants. | CIVIL ACTION<br><br>NO. 15-680 (CCC)<br><br>**ANSWER TO AMENDEDCOMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |

**DEFENDANT PLYCON VAN LINES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

Defendant Plycon Van Lines, Inc. (incorrectly named in plaintiffs' First Amended Complaint as Plycar, LLC) (hereinafter "Plycon" or "answering defendant"), by and through its attorneys, Weber Gallagher Simpson Stapleton Fires & Newby LLP, as and for an Answer to the First Amended Complaint, alleges upon information and belief and asserts affirmative defenses and cross-claims as follows:

**COUNT I**

1. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

2. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

3. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

4. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

5. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

6. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

7. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

8. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

9. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

10. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs'

Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

11. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

12. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

13. Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. Therefore, said averments are denied, and strict proof is demanded at trial. To the extent that these averments contain allegations of fact, answering defendant denies all allegations of misrepresentations of fact, material omissions and consumer fraud, insofar as they relate to answering defendant.

14. Denied. The averments contained in this paragraph are not directed to answering defendant. Therefore, no response is required. To the extent a response is deemed necessary, answering defendant denies the averments therein as conclusions of law and deny on the grounds that answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

**WHEREFORE**, answering defendant Plycon Van Lines, Inc. (incorrectly named as Plycar, LLC) demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees, together with such other relief in favor of answering defendant as this Honorable Court shall deem appropriate under the circumstances.

**COUNT II**

15. (Incorrectly numbered as paragraph 1.) Answering defendant incorporates by reference its answers to the preceding paragraphs of plaintiffs' Complaint as though same were set forth at length herein.

16. (Incorrectly numbered as paragraph 2.) Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. By way of further response, and without waiving the foregoing objection, answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial. To the extent that these averments contain allegations of fact, answering defendant denies all allegations of misrepresentations of fact, material omissions, fraud and consumer fraud, insofar as they relate to answering defendant.

17. (Incorrectly numbered as paragraph 3.) Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. Therefore, said averments are denied, and strict proof is demanded at trial.

18. (Incorrectly numbered as paragraph 4.) Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. Therefore, said averments are denied, and strict proof is demanded at trial.

19. (Incorrectly numbered as paragraph 5.) Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. Therefore, said averments are denied, and strict proof is demanded at trial.

**WHEREFORE**, answering defendant Plycon Van Lines, Inc. (incorrectly named as Plycar, LLC) demands judgment in its favor and against plaintiffs, dismissing plaintiffs'

Amended Complaint together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees, together with such other relief in favor of answering defendant as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III**

20. (Incorrectly numbered as paragraph 1.) Answering defendant incorporates by reference its answers to the preceding paragraphs of plaintiffs' Complaint as though same were set forth at length herein.

21. (Incorrectly numbered as paragraph 2.) Admitted in part; denied in part. Answering defendant admits that it transported the subject vehicle to the dealership location in New Jersey. However, except as so specifically admitted, answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial.

22. (Incorrectly number as paragraph 3.) Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Therefore, said averments are denied, and strict proof is demanded at trial. To the extent that these averments contain allegations of fact, answering defendant denies that any damage to the vehicle occurred during loading, transit or offloading.

23. (Incorrectly number as paragraph 4.) Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. Therefore, said averments are denied, and strict proof is demanded at trial. To the extent that these averments contain allegations of fact, answering defendant denies all allegations of negligence described in

this paragraph.

24. (Incorrectly number as paragraph 5.) Denied. The averments in this paragraph contain conclusions of law, to which no responsive pleadings are required. Therefore, said averments are denied, and strict proof is demanded at trial. To the extent that these averments contain allegations of fact, answering defendant denies all allegations of consumer fraud described in this paragraph. By way of further answer, all state law claims against answering defendant are specifically preempted.

**WHEREFORE**, answering defendant Plycon Van Lines, Inc. (incorrectly named as Plycar, LLC) demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees, together with such other relief in favor of answering defendant as this Honorable Court shall deem appropriate under the circumstances.

**AFFIRMATIVE DEFENSES**

1. Answering defendant incorporates by reference its answers to the preceding paragraphs of plaintiffs' Complaint as though same were set forth at length herein.

2. Plaintiffs' Complaint fails to state a cause of action against answering defendant upon which relief can be granted.

3. More specifically, plaintiffs' claims for relief pursuant to New Jersey common law or statute fail to state a claim against answering defendant for which relief may be granted.

4. Plaintiffs' claims may be barred or limited, either in whole or in part, due to acts or omissions of the plaintiffs.

5. Plaintiffs' damages are speculative and, therefore, plaintiffs are barred from recovery.

6. No conduct on the part of answering defendants contributed to plaintiffs' alleged damages.

7. Plaintiffs' claims against answering defendant, whether based upon statute or common law, are precluded because plaintiffs' alleged damages, said damages being specifically denied, were caused by an Act of God and not by the negligence of answering defendants.

8. Any damages claimed by plaintiffs, if any, were not actually or proximately caused by an act or omission on the part of answering defendant.

9. Service of process was improper and/or insufficient.

10. Plaintiffs failed to mitigate any alleged damages, said damages being specifically denied by answering defendant.

11. Any damages claimed by plaintiffs, said damages being specifically denied by defendant, were caused by the culpable conduct of plaintiffs, and not by any culpable conduct or negligence on the part of answering defendant in transporting the vehicle.

12. Any damages claimed by plaintiffs, said damages being specifically denied by defendant, were caused by the culpable conduct of parties or entities other than answering defendant and/or other parties or entities or persons.

13. Plaintiffs' lawsuit is time-barred as against answering defendant because it was not filed within the time provided by contract, common law and/or applicable statute.

14. Plaintiffs are not a proper party in interest and have no standing to bring this action.

15. Plaintiffs failed to give answering defendant an adequate opportunity to inspect the allegedly damaged vehicle.

16. The damages alleged by plaintiff, said damages being specifically denied, were pre-existing and occurred before the shipment and/or transport of the vehicle.

17. Plaintiffs' claims are specifically time-barred pursuant to the Carmack Amendment, 49 U.S.C. §14706.

18. Plaintiffs' negligence claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.

19. Plaintiffs' claims against answering defendant are preempted in their entirety by 49 U.S.C. 14501(c).

20. Plaintiff failed to give timely notice of a claim, as required by the contract(s) governing the shipment and all applicable regulations, rules, tariffs or statutes.

21. Plaintiff's claims may be barred or limited, either in whole or in part, by their failure to fulfill their obligations under the warehouse contract, shipping contract, bill of lading, applicable tariffs, classifications, service guides, regulations and similar controlling authority, including but not limited to any Tariff in effect at the time of alleged loss.

22. Plaintiffs' claims may be barred or limited, either in whole or in part, due to acts or omissions of the plaintiff and/or shipper, including errors of the shipper or consignee in packing, loading or unloading.

23. Plaintiffs' claims are barred because defendant was not negligent in receiving or transporting plaintiffs' goods and because the alleged loss or damage, said loss or damage being specifically denied by defendant, was caused by the negligence of the shipper and/or its agents and/or the receiving carrier and/or the delivering carrier and/or the carrier over whose line or route the loss occurred.

24. Plaintiffs' damages are speculative and, therefore, plaintiffs are barred from

recovery.

25. The damages alleged by plaintiff, said damages being specifically denied, were pre-existing and occurred before the shipment and/or transport at issue herein.

26. Plaintiff's damages, said damages being specifically denied, are barred or limited, either in whole or in part, by the limitation of liability provisions contained in the bill of lading, and/or any other bill of lading, and/or any other shipping contracts, applicable tariffs, statutes, regulations and similar authorities.

27. Plaintiffs' damages, said damages being specifically denied by answering defendant, and for which answering defendant denies all liability, if recoverable, are limited to the declared value of plaintiffs' goods as specifically set forth by plaintiffs in the applicable storage and/or shipping contracts relevant hereto.

28. No conduct on the part of answering defendant contributed to plaintiffs' alleged damages.

29. Plaintiffs' lawsuit is time-barred as against answering defendant because it was not filed within the time provided by the Carmack Amendment, 49 U.S.C. § 14706 and/or 49 C.F.R. §370.

30. Plaintiffs are not proper parties in interest and have no standing to bring this action.

31. Plaintiff's claim is time barred by the relevant Statute of Limitations and/or the provisions of the Carmack Amendment, 49 U.S.C. §14706 .

32. Plaintiffs have failed to establish that the cargo was tendered to answering defendant in good condition.

33. Plaintiffs have failed to establish that the cargo arrived at the consignee/shipper/destination in damaged condition, or that it was damaged or injured while in the care, custody or control of answering defendant.

34. Plaintiffs failed to give timely notice of a claim, as required by the contract(s) governing the shipment and all applicable federal regulations and statutes.

35. Plaintiffs' claims may be barred or limited, either in whole or in part, by their failure to fulfill its obligations under the shipping contract, bill of lading, applicable tariffs, classifications, service guides, regulations and similar controlling authority, including but not limited to answering defendant's Rules Tariff in effect at the time of alleged loss.

36. Plaintiffs failed to give defendant adequate opportunity to inspect the allegedly damaged cargo.

37. The damages alleged by plaintiff, said damages being specifically denied, were pre-existing and occurred before the shipment and/or transport at issue herein.

38. Plaintiff has failed to establish that the cargo was damaged during transit.

39. Answering defendant claims and asserts any and all other defenses available under or pursuant to the Carmack Amendment including but not limited to any and all suit-filing provisions, limitations of liability and/or venue provisions.

40. Answering defendant reserves the right to assert such further affirmative defenses as may become known through discovery or as this matter progresses.

**WHEREFORE**, answering defendant Plycon Van Lines, Inc. (incorrectly named as Plycar, LLC) demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by answering

defendant, including attorneys' fees, together with such other relief in favor of answering defendant as this Honorable Court shall deem appropriate under the circumstances.

**CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS**

Answering defendant hereby files these cross-claims against co-defendants, Jack Daniels Motors, LLC, Porsche Motors North America, Inc. and North Atlantic Distribution (hereinafter, collectively "co-defendants"), and in support thereof aver as follows:

1. Answering defendant incorporates by reference the above Answer and Affirmative Defenses to plaintiffs' Amended Complaint contained in the preceding paragraphs as though same were set forth at length herein.

2. If the incident occurred as alleged in plaintiffs' Complaint, which averments are specifically denied, then the incident was caused solely by the carelessness, negligence and/or recklessness of all co-defendants.

3. All co-defendants are solely liable, or jointly and/or severally liable, or liable to answering defendant for any damages that may have been suffered by plaintiff, which injuries and damages are specifically denied.

4. The negligence of co-defendants is the primary, active and direct negligence and any negligence or liability of answering defendant, which is denied, would be secondary, passive and derivative.

5. If answering defendant is held liable to plaintiffs for all or part of such injuries or damages, which injuries and damages are specifically denied, all co-defendants are liable to answering defendant by way of contribution and/or indemnity by contract and/or common law.

**WHEREFORE**, answering defendant Plycon Van Lines, Inc. (incorrectly named as Plycar, LLC) demands judgment in its favor and against plaintiffs, dismissing plaintiffs'

Amended Complaint together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees, together with such other relief in favor of answering defendant as this Honorable Court shall deem appropriate under the circumstances.

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY, LLP**

By: *_/s/ James A. Wescoe_*
James A. Wescoe, Esquire, ID#: 006041999
Attorney for Defendant
Plycon Van Lines, Inc.
(incorrectly named as Plycar, LLC)

Date: March 17, 2015

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant's Answer to Plaintiffs' Amended Complaint with Affirmative Defenses and Cross-Claims was served upon the below listed counsel this 17th day of March 2015 via the Court's Electronic Notice:

Jonathan Rudnick, Esquire
Carton & Rudnick
788 Shrewsbury Avenue
Building 2, Suite 204
Tinton Falls, NJ 07724
*Attorney for Plaintiff*

Christopher Morgan, Esq.
White and Williams LLP
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
*Attorney for Defendants,*
*Jack Daniels Motors, LLC and Porsche Motors North America, Inc.*

North Atlantic Distribution, Inc.
Davisville Industrial Park
100 Tidal Drive
North Kingstown, RI 02852

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY, LLP**

By: */s/ James A. Wescoe*
James A. Wescoe, Esquire, ID#: 006041999
Attorney for Defendant
Plycon Van Lines, Inc.
(incorrectly named as Plycar, LLC)